DUCKER, JUDGE:
Claimant, Radiological Consultants Association, a corporation, alleges that it rendered radiological services to Fairmont Emergency Hospital, a state hospital, from December 1st, 1969 to June 30, *199 1970 inclusive, for which the State agreed to, but failed to pay claimant its charges of $2,815.00 for such services.
The facts, which are undisputed, are that the claimant was rendering radiological services for both Hopemont State Hospital and Fairmont Emergency Hospital under a one year contract dated July 1, 1969 which provided for the payment of $10,000.00, of which $5,000.00 was for each of the two hospitals. In December, 1969, it was concluded between claimant and respondent that it was not economically feasible to continue upon that basis, and so upon claimant’s request, the contract was by mutual consent cancelled, and a new arrangement was agreed upon whereby claimant would charge only forty percent of the usual fee chargeable to patients at Fairmont Emergency Hospital who were wards of the State, inasmuch as the balance could be collected from Medicare. No fees for services were to be charged against the State for private patients, such charges and the collection therefor being left to the claimant. The claimant made regular monthly reports of its work to the respondent, giving names of patients and dates, and the charges of $6.00 each, instead of the usual full fee of $15.00. The new arrangement was agreed to by the Director of the State Department of Mental Health, the Director of Purchases for the hospital, the administrator of the hospital, and the claimants, and an untyped agreement was written up and presented to respondent, but not signed because it was not in typewritten form, and later a typed one was received in Charleston on June 23, 1970, which had stamped on it “Funds expire June 30th”. There is nothing to show any lack of budget appropriation for the indebtedness.
It is clear in this case that the claimant not only acted in good faith and rendered the services for which it has not been paid, but acted to save the State a considerable sum of money in asking for and cancelling the previous agreement for services to both hospitals and to patients who were not wards of the State. The State was certainly enriched by claimant’s services.
The only objection which could be made to payment of the claim is that it did not have a written contract. We think this is answered by the fact that there was a written memorandum, first in pencil untyped form, and later in typed form, but which was not formally signed by the respondent, whose clear duty it was to sign when it was receiving and continued to receive the benefit of the agreement. It was as much *200 the duty of the respondent as it was of the claimant to put the agreement in satisfactory legal form.
The usual valid reason for non-payment of such a claim is that funds were not provided for in the fiscal year budget. This is not claimed by the respondent, and apparently could not be so claimed, when the original agreement for a much larger amount must have been considered included in the budget of the hospital for that fiscal year.
We consider this claim as constituting a clear moral obligation which does not effectively violate legal requirements, and should be paid, and accordingly, we award the claimant the sum of $2,815.00.
Award of $2,815.00.